IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-189-FL

| | | |
|---|---|---|
| FREDDIE W. BARNES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (DE ## 24, 28). Pursuant to 28 U.S.C. § 636(b)(1), the motions were referred to United States Magistrate Judge Robert B. Jones, Jr., for memorandum and recommendation ("M&R"). The magistrate judge recommends that the court remand this matter to the Commissioner for further proceedings. Defendant timely objected to the M&R, and plaintiff did not file a response. In this posture, the issues raise are ripe for ruling. For the reasons that follow, the court declines to adopt the recommendation of the magistrate judge, and instead upholds the Commissioner's denial of benefits.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on August 8, 2007, and an application for Supplemental Security Income ("SSI") on March 6, 2008. The applications allege disability beginning May 20, 2007, and March 1, 2008, respectively. Plaintiff's DIB application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), and his pending claims were combined for decision.

On January 6, 2009, plaintiff appeared before the ALJ. At this hearing, plaintiff was represented by counsel, and a vocational expert ("VE") appeared and testified. On February 9, 2009, the ALJ issued a decision denying plaintiff's applications. On March 11, 2010, the Appeals Council denied plaintiff's request for review, thereby establishing the ALJ's determination as the final decision of the Commissioner.

On May 11, 2010, plaintiff filed complaint in this court seeking review of the Commissioner's final decision. Defendant answered on August 16, 2010. Plaintiff moved for judgment on the pleadings on October 18, 2010, and defendant followed suit on January 14, 2011. The matter was referred to the magistrate judge, who entered his M&R on March 21, 2011. Defendant timely objected, and plaintiff did not respond.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the Commissioner's denial of benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions

for judgment on the pleadings]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.  Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, the ALJ resolved the first two steps in plaintiff's favor. He found that plaintiff had not engaged in substantial gainful activity since March 1, 2008, and that he suffered from the following severed impairments: diabetes, hypertension, chronic obstructive pulmonary disease ("COPD"), emphysema, pancreatitis, and right shoulder pain. At step three, however, the ALJ determined that plaintiff's impairments did not meet or exceed any listed impairment.

3

Prior to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), in an environment free of respiratory irritants. In reaching this determination, the ALJ found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be not fully credible. At step four, the ALJ concluded that plaintiff's RFC would not permit him to perform the requirements of his past relevant work as an asphalt distribution tender, asphalt raker, and asphalt paving operator. But at step five, the ALJ concluded that there were jobs existing in significant number in the national economy that plaintiff could perform given his age, education, work experience, and RFC.

Plaintiff asserts that the ALJ failed to properly assess his credibility in making his RFC determination, and that the ALJ relied on irrelevant VE testimony to support his finding at step five of the sequential evaluation process. The magistrate judge agreed with plaintiff's first argument, concluding that although the ALJ provided an adequate and fair summary of the medical records as they pertained to COPD, the ALJ did not adequately summarize medical records pertaining to plaintiff's shoulder pain and provided minimal discussion of plaintiff's testimony concerning this symptom. The magistrate judge declined to address plaintiff's other argument, finding sufficient justification for remand in the ALJ's failure to properly assess plaintiff's credibility.

Defendant objects to the magistrate judge's analysis, arguing that the magistrate judge misstated the evidence regarding the onset of plaintiff's right should complaints. Defendant also contends that any error by the ALJ in failing to properly assess credibility was harmless because the VE testified that plaintiff was capable of performing work available in significant numbers in the national economy even if his subjective complaints were true.

The court begins its analysis of defendant's objections by discussing the two-step process the ALJ must use in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (per curiam) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making this determination. 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. In addition to the objective medical evidence, the ALJ must consider certain enumerated factors, such as the effect of symptoms on the claimant's daily life activities. 20 C.F.R. § 404.1529(c)(3). "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p, 1996 WL 374186 at *4.

Upon a *de novo* review of the record, the court agrees with the magistrate judge that the ALJ failed to follow this two-step procedure. The ALJ's analysis was limited to including boilerplate language setting forth the required two-step process and following this language with a conclusory statement that plaintiff's complaints were not credible because they were incompatible with the state medical consultants' RFC assessments. Nowhere does the ALJ discuss plaintiff's treatment at a pain clinic in June and August 2008, or his statements to doctors that he has difficulty lifting his arm and had a limited range or motion, or his testimony before the ALJ at the hearing regarding his inability to perform routine daily life activities because of his shoulder pain.

Additionally, the court does not agree with defendant that the ALJ misstated the evidence relating to the onset of plaintiff's complaints about his right shoulder. Defendant argues that the

5

words "R AC joint pain," which appear on one line of an October 2007 medical record referenced by a state medical consultant whose December 2007 RFC assessment the ALJ placed great weight on, is "substantial evidence" supporting the ALJ's credibility determination. But as the magistrate judge accurately noted, plaintiff told the ALJ that his shoulder pain began in 2008, and the records of his treatment for this pain are dated after December 2007. Even if the December 2007 RFC provides some limited evidence undercutting plaintiff's credibility, the ALJ cannot ignore the relevant post-2007 evidence weighing against his decision. See Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005); see also Loza v. Apfel, 219 F.3d 378, 393-94 (5th Cir. 2000).

Despite the apparent failure by the ALJ to properly assess plaintiff's credibility, defendant argues that this error was harmless. The court is compelled to agree with defendant.[1] A remand is not required where the alleged error "clearly had no bearing on the procedure used or the substance of the decision reached." See Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (applying harmless error analysis in an immigration case); see also Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) (citing Ngarurih in applying harmless error analysis to a social security case). As discussed below, even if plaintiff's complaints of shoulder pain were deemed fully credible by the ALJ, he would have been found not to be disabled on the evidence before the ALJ.

The VE testified before the ALJ that an individual with the same age, education, and work experience as plaintiff, who could perform only light unskilled work in an environment free of respiratory irritants, could perform work existing in the national economy, including molding machine tender, plastics products assembler, and electronics worker. Significantly, when asked to

---

[1] The magistrate judge declined to address this argument, concluding that it need not do so where remand on the issue of credibility would affect the remaining issues raised by plaintiff. The court respectfully disagrees with that conclusion, for the reasons that follow.

6

consider an individual with the same background and work restrictions who also had all of the limitations described by plaintiff in his testimony, the VE testified that the same jobs would be available. In other words, even if the ALJ had found plaintiff fully credible and ascribed to him additional limitations described in his hearing testimony, the Commissioner met his burden of demonstrating that plaintiff could perform other specified types of work – the same specified types of work identified by the ALJ in his decision.

Plaintiff argues that the ALJ's reliance on the VE testimony was misplaced because (1) the VE indicated that there would be no work available to plaintiff if, as he testified, he had to take a thirty-minute break after being active for fifteen to twenty minutes; and (2) the VE indicated that each of the identified jobs required frequent reaching and handling. Only the second alleged error would in any way effect the court's harmless error analysis with respect to the ALJ's determination of plaintiff's credibility with regard to his shoulder pain,[2] and there is no evidence in the record that would support a finding that plaintiff had any trouble with "frequent reaching and handling." Instead, plaintiff testified that he had trouble lifting his arms above his shoulder. The VE took this limitation into consideration in answering the ALJ's hypothetical, and stated that it would not affect plaintiff's ability to perform the enumerated jobs.

In short, although the court agrees with the magistrate judge that the ALJ's credibility analysis was faulty with respect to plaintiff's allegations of shoulder pain, this error had no bearing on the ALJ's decision to deny benefits. In such circumstances, a remand would serve no purpose

---

[2] Plaintiff's testimony that he needed frequent breaks was premised on his breathing difficulties (specifically COPD). The ALJ found plaintiff not fully credible on this issue, and the magistrate judge recommends upholding that aspect of the ALJ's credibility determination. Upon clear error review, absent any objection to the magistrate judge's analysis, the court adopts that conclusion as its own. As such, it does not matter whether or not the work identified by the VE could be performed if an individual required frequent breaks, because substantial evidence supports the ALJ's conclusion that plaintiff did not face such a limitation.

but to increase the cost to the parties in reaching a final determination of plaintiff's request for benefits. The ALJ's error, though real, was harmless, and the court upholds the Commissioner's denial of benefits on that ground.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon a considered review of the uncontested portions of the M&R, the court respectfully declines to adopt the recommendation of the magistrate judge (DE # 30). Plaintiff's motion for judgment on the pleadings (DE # 24) is DENIED, and defendant's motion for judgment on the pleadings (DE # 28) is GRANTED. The final decision of the Commissioner is upheld. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 5 day of May, 2011

LOUISE W. FLANAGAN
Chief United States District Judge